# STATE v. MEWHINNEY.

No. 2548.   Decided March 6, 1914 (139 Pac. 862).

1. CRIMINAL LAW—APPEAL—LAW OF THE CASE.   The decision of an appellate court on all questions necessarily involved in the case is not only binding on the lower court but is the law of the case on a subsequent appeal.[1]   (Page 233.)

2. CRIMINAL LAW—ARREST OF JUDGMENT—GROUNDS OF MOTION.   A motion in arrest of judgment may not be based on defects in instructions; Comp. Laws 1907, section 4901, providing merely that it may be founded on defects in the information or indictment.   (Page 233.)

APPEAL from District Court, Third District; Hon. F. C. Loofbourow, Judge.

Harley Mewhinney, convicted of murder, moved in arrest of judgment, which was denied.   He appeals.

AFFIRMED.

S. P. Armstrong, and H. J. Brothers for appellant.

A. R. Barnes, Attorney-General, and E. V. Higgins, and G. A. Iverson, Assistant Attorneys-General, for the State.

McCARTY, C. J.

The defendant was tried and convicted in the district court of Salt Lake County for the crime of murder in the first degree.   From a judgment imposing the death penalty defendant appealed to this court.   A hearing on the appeal was had, and the questions presented were duly considered by this court, and the judgment affirmed.   (43 Utah, 135, 134 Pac. 632.)   A remittitur was sent from this court to the district court from which the appeal was taken.   While the

---

[1] State v. Mortensen, 27 Utah, 44, 74 Pac. 120, 350.

cause was pending on appeal in this court the date set for carrying into effect the judgment passed. On July 16, 1913, the district court designated and fixed the time and place at which the defendant, under the sentence of death theretofore imposed, should be executed. The defendant made a motion for an arrest of judgment on the ground that under one of the court's instructions to the jury "he was not granted, and did not have a trial by jury." It is also alleged in the motion that "while in form the defendant *enjoyed* a trial by jury, in substance (because of the instruction), he was *denied* that right," and that "his privileges and immunities as a citizen of the United States" were abridged thereby, contrary to article 6 and in violation of section 1 of article 14 of the amendments to the Constitution of the United States. The motion was overruled. From the order overruling the motion, the defendant has appealed to this court.

The instruction complained of and assigned as error was as follows:

"Your verdict in this case must be: Guilty of murder in the first degree, as charged in the information; or, Guilty of murder in the first degree as charged in the information, and we recommend that the defendant be imprisoned at hard labor in the state prison for life; or, Not guilty by reason of insanity; or, Not guilty, as your deliberations may result."

This instruction was assigned as error on the former appeal of this case, and much space was devoted to the consideration and discussion of this alleged error in each of the separate opinions filed in the cause; the majority of the court holding that the giving of the instruction did not constitute error. The questions presented by the former appeal, including the questions here sought to be reviewed, were again presented to this court by a petition for a rehearing, and they were again considered and decided adversely to the defendant's contentions. No question is presented by this appeal that was not involved, considered, and adjudicated on the former appeal.

It is a familiar rule of law that the decision of an appellate court on all questions necessarily involved in a case is not only binding on the lower court, but is the law of the case in the appellate court on a subsequent appeal. *State v. Mortensen,* 27 Utah, 44, 74 Pac. 120, 350. In Elliott, App. Pro. section 578, it is said:

"It is a firmly settled principle that the decisions of the appellate tribunal constitute the law of the case upon all the points in judgment, no matter in what stage of the proceedings they arise, or in what mode they are presented. . . . The law as declared cannot be changed upon a second or subsequent appeal. This general doctrine is affirmed by many cases, and, so far as we can discover, denied by none. It is plainly evident that the rule is a sound and salutary one, since, without such a rule, litigation might be endless and a controversy remain unsettled."

In 2 Spelling, New Trial & App. Proc. section 691, the rule is stated as follows:

"A decision of an appellate court must be adhered to at all future stages of the same case, unless overruled by a higher appellate court. This rule applies both to the trial court and the appellate court, and is not affected by any error which may be imputed to or found in the decision. In other words, it is the law of that case."

Furthermore, under our statute (Comp. Laws 1907, section 4901) a motion in arrest of judgment can be made upon "defects in the information or indictment" only. Defendant's motion for an arrest of judgment was not based upon any defect in the information, but was based wholly upon the giving of the instruction herein set forth. The court could not, on a motion of this kind, which must, under the statute, be grounded upon defects in the information or indictment, review alleged errors occurring at the trial, not based upon or in any way relating to such defects. The court, therefore, did not err in overruling the motion.

The judgment is affirmed.

STRAUP and FRICK, JJ., concur.